J. S17042/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
 :  PENNSYLVANIA
 v.  :
 :
SHAQUAN WILLIAM ROGERS-JORDAN,  :  No. 1556 MDA 2019
 :
 Appellant  :


Appeal from the PCRA Order Entered September 5, 2019,
in the Court of Common Pleas of Luzerne County
Criminal Division at No. CP-40-CR-0004474-2017


BEFORE:  PANELLA, P.J., STABILE, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:  **FILED JUNE 15, 2020**

Shaquan William Rogers-Jordan appeals from the September 5, 2019 order entered by the Court of Common Pleas of Luzerne County denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  PCRA counsel has also filed a petition to withdraw.  After careful review, we affirm.[1]

The PCRA court set forth the following procedural history:

> A seven (7) count information, filed on December 20, 2017, charged [appellant] with two counts of aggravated assault[ and one count each of] robbery – inflicting serious bodily injury, conspiracy to commit robbery (inflicting serious bodily injury), attempted criminal homicide, theft by unlawful taking (movable

---

[1] The Commonwealth did not file a brief in this matter.

property), and receiving stolen property.[2] Counseled pre-trial motions were filed, and a hearing on the motions was scheduled, but on the day of the hearing [appellant] and the Commonwealth entered into a [negotiated] plea agreement whereby [appellant] agreed to plead guilty to attempted criminal homicide, and the parties agreed to a sentence of nine (9) to twenty (20) years['] imprisonment.[3] Following a guilty plea colloquy, [the trial court] accepted the plea, and sentenced [appellant] in accordance with the terms of the plea agreement [on September 6, 2018].

No post-sentence motions or direct appeal were filed. On February 5, 2019, [appellant] filed a timely **pro se** PCRA petition. PCRA counsel was appointed to represent [appellant], and a hearing was scheduled for September 5, 2019. At the hearing, [appellant] testified in support of his request for post-conviction relief. Upon consideration of the entire record, including the testimony and the arguments presented at the hearing, [appellant's] PCRA petition was denied. [Appellant] filed a timely notice of appeal on September 23, 2019, and a timely counseled statement of errors complained of on appeal [pursuant to Pa.R.A.P. 1925(b)] on October 15, 2019.

PCRA court opinion, 12/17/19 at 2-3 (extraneous capitalization and citations to the record omitted). The PCRA court subsequently filed an opinion pursuant to Pa.R.A.P. 1925(a).

The PCRA court appointed Matthew P. Kelly, Esq., to represent appellant on appeal. On January 29, 2020, Attorney Kelly filed with this court a petition to withdraw as counsel, accompanied by a no-merit brief pursuant to

---

[2] 18 Pa.C.S.A. §§ 2702(a)(1), 3701(a)(1)(i), 903(a), 901(a), 3921(a), and 3925(a), respectively.

[3] The Commonwealth withdrew the remaining charges.

***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth***

***v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (***en banc***).

> Counsel petitioning to withdraw from PCRA representation must proceed . . . under ***Turner*** and ***Finley*** and . . . must review the case zealously. ***Turner***/***Finley*** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
>> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed ***pro se*** or by new counsel.
>>
>> * * *
>>
>> Where counsel submits a petition and no—merit letter that . . . satisfy the technical demands of ***Turner***/***Finley***, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.
>
> ***Commonwealth v. Doty***, 48 A.3d 451, 454 (Pa.Super. 2012) (internal citations omitted) (quoting ***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa.Super. 2007)).

***Commonwealth v. Muzzy***, 141 A.3d 509, 510-511 (Pa.Super. 2016)

(bracketed material omitted).

Our review of the record demonstrates that Attorney Kelly has complied with each of the above requirements. Additionally, Attorney Kelly sent appellant copies of the **Turner**/**Finley** no-merit brief and petition to withdraw and advised appellant of his right to retain new counsel or proceed **pro se**.[4] **See Commonwealth v. Widgins**, 29 A.3d 816, 818 (Pa.Super. 2011). Appellant did not file a response.

In his **Turner**/**Finley** no-merit brief, Attorney Kelly identified the following issues:

> I. Whether the Commonwealth was guilty of prosecutorial misconduct[?]
>
> II. Whether trial counsel was ineffective in failing to properly prepare for [appellant's] defense and coercing [appellant] to plead guilty[?]

No-merit brief at 1.

PCRA petitions are subject to the following standard of review:

> Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. **Commonwealth v. Conway**, 14 A.3d 101 (Pa.Super. 2011), **appeal denied**, [] 29 A.3d 795 ([Pa.] 2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. **Commonwealth v. Boyd**, 923 A.2d 513 (Pa.Super. 2007), **appeal denied**, [] 932 A.2d 74 ([Pa.] 2007). We do not give the same deference, however, to the court's legal conclusions.

---

[4] We note that while appellant's petition to withdraw does not include a certificate of service on appellant, the letter Attorney Kelly sent to appellant indicates that copies of both the **Turner**/**Finley** no-merit brief and the petition to withdraw were enclosed.

> ***Commonwealth v. Ford***, 44 A.3d 1190 (Pa.Super. 2012). Traditionally, credibility issues are resolved by the trier of fact who had the opportunity to observe the witnesses' demeanor. ***Commonwealth v. Abu-Jamal***, [] 720 A.2d 79 ([Pa.] 1998), ***cert. denied***, 528 U.S. 810 [] (1999). "A PCRA court passes on witness credibility at PCRA hearings, and its credibility determinations should be provided great deference by reviewing courts." ***Commonwealth v. Johnson***, [] 966 A.2d 523, 539 ([Pa.] 2009).

***Commonwealth v. Beatty***, 207 A.3d 957, 960-961 (Pa.Super. 2019), ***appeal denied***, 218 A.3d 850 (Pa. 2019).

In his first issue, appellant alleges prosecutorial misconduct. (No-merit brief at 5.) Specifically, appellant contends that "the prosecutor engaged in misconduct because he 'made a deal with' or 'coached' another participant in the crime for which [a]ppellant was charged, causing him to implicate [a]ppellant as the shooter." (***Id.***, citing notes of testimony, 9/5/19 at 7-8.)

In order to be eligible for relief under the PCRA, a petitioner must plead and prove, ***inter alia***, by a preponderance of the evidence that the allegation of error has not been previously waived. 42 Pa.C.S.A. § 9543(a)(3). The PCRA defines waiver as when a petitioner could have raised an issue either "before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b). It is axiomatic that when a defendant enters a guilty plea, he or she waives the right to challenge any non-jurisdictional defects, with the exception of the legality of the sentence or the validity of the guilty plea. ***Commonwealth v. Lincoln***, 72 A.3d 606, 609

(Pa.Super. 2013), *appeal denied*, 87 A.3d 319 (Pa. 2014), citing

*Commonwealth v. Pantalion*, 957 A.2d 1267, 1271 (Pa.Super. 2008).

Here, appellant waived his right to raise a claim of prosecutorial misconduct when he entered a guilty plea. Accordingly, this issue of trial error is not cognizable for collateral review.

In his second issue, appellant contends that his plea counsel, Allyson Kacmarski, Esq., rendered ineffective assistance.

> We presume counsel is effective. *Commonwealth v. Cox*, [] 983 A.2d 666, 678 ([Pa.] 2009). To overcome this presumption, "a PCRA petitioner must show the underlying claim has arguable merit, counsel's actions lacked any reasonable basis, and counsel's actions prejudiced the petitioner." *Commonwealth v. Escobar*, 70 A.3d 838, 841 (Pa.Super. 2013) (citing *Commonwealth v. Cox*, [] 983 A.2d 666, 678 ([Pa.] 2009).) "Prejudice means that, absent counsel's conduct, there is a reasonable probability the outcome of the proceedings would have been different." *Id.* A claim will be denied if the petitioner fails to meet any one of these prongs. *See* [*Commonwealth v.*] *Jarosz*, 152 A.3d [344,] 350 [(Pa.Super. 2016)] (citing *Commonwealth v. Daniels*, [] 963 A.2d 409, 419 ([Pa.] 2009)).
>
> "[A] criminal defendant's right to effective counsel extends to the plea process, as well as during trial." [*Commonwealth v.*] *Wah*, 42 A.3d [335,] 338 [(Pa.Super. 2012)] (citations omitted). Under the PCRA, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused [the petitioner] to enter an involuntary or unknowing plea." [*Commonwealth v.*] *Fears*, 86 A.3d [795,] 806-807 [(Pa. 2014)] (citation omitted). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence

> demanded of attorneys in criminal cases." ***Wah***, 42 A.3d at 338-399 (citations omitted).
>
> "[T]o establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." ***Commonwealth v. Barndt***, 74 A.3d 185, 192 (Pa.Super. 2013) (citations and internal quotation marks omitted). This is not a stringent requirement. ***Id.*** The reasonable probability test refers to "a probability sufficient to undermine confidence in the outcome." ***Id.*** (citations omitted).

***Commonwealth v. Velazquez***, 216 A.3d 1146, 1149-1150 (Pa.Super. 2019). Moreover, "a defendant is bound by the statements which he makes during his plea colloquy." ***Commonwealth v. Barnes***, 687 A.2d 1163, 1167 (Pa.Super. 1996), ***appeal denied***, 693 A.2d 585 (Pa. 1997) (citations omitted). As such, a defendant may not assert grounds for withdrawing the plea that contradict statements made when he entered the plea. ***Id.*** (citation omitted).

Here, the record reflects that appellant reviewed the written plea agreement and signed it. (Notes of testimony, 9/6/18 at 5; ***see also*** Luzerne County, Pennsylvania Plea Agreement, Docket No. 19.) By signing the written plea agreement, appellant indicated that he understood the factual basis for the charges in this case. (Luzerne County, Pennsylvania Plea Agreement, Docket No. 19.) During the trial court's oral colloquy, appellant stated that he was not forced or threatened to plead guilty, that no one had promised him anything to plead guilty aside from the negotiated plea agreement, and

appellant affirmed that he understood to what he was pleading. (Notes of testimony, 9/6/18 at 9.) Moreover, during the plea hearing, appellant admitted to the following recitation of facts:

> [O]n October 24th, 2017, [appellant], along with two individuals by the name[s] of Jordan Hall and Dominick Harvey, went to the victim Austin Naples' residence at 230 Birchwood Estates in Exeter. They went there to pick up marijuana from Mr. Naples, as well as a female named Caitlyn Mattis. While they were doing the transaction [appellant] brandished a firearm in an attempt to rob Mr. Naples and Ms. Mattis. A fight ensued eventually ending with [appellant] pulling out the firearm, pointing it at a vital part of Mr. Naples' body; specifically, his chest, firing the firearm causing a gunshot wound that caused significant lung damage and Mr. Naples to be placed into [the] intensive care unit.

*Id.* at 6.

The record further reflects that at the conclusion of the PCRA hearing, the PCRA court denied appellant's petition, stating as follows:

> THE COURT: Based on what the [PCRA c]ourt deems to be the credible evidence before it, the [PCRA c]ourt hereby denies and dismisses [appellant's] PCRA petition. [The PCRA court does] note the record is clear that there is handwriting with [appellant's] signature [on] the written plea agreement that is part of the record in this matter. [Appellant] seems to testify that he thought he was getting a sentence of 5 to 10 years. I'm looking at it right now. Commonwealth and [appellant] agree to a sentence of 9 to 20 years, and that was also gone over on the date of the guilty plea and sentencing on September 6th, 2018. The transcript of that proceeding I think is filed of record and that's clearly set forth in the transcript. I just note and, again, these are just some of the reasons, it was clearly set forth and the [PCRA c]ourt found that [appellant]

entered a knowing and voluntary plea at that time. Part of what was indicated at the time of his pleas was that [appellant] pulled out the firearm[,] pointing it at a vital part of Mr. Naples' body, specifically his chest, firing the firearm causing a gunshot wound that caused significant lung damage and Mr. Naples to be placed into [the] Intensive Care Unit. [Appellant] admitted to doing that at the time of his guilty plea. I do not find it credible for him to allege that somehow he thought he was getting a 5-to-10-year[ ]sentence when everything in the record is contrary to that, and [appellant's] petition is hereby denied.

Notes of testimony, 9/5/19 at 20-21.

Here, the PCRA court determined that appellant entered his guilty plea knowingly, voluntarily, and intelligently. (PCRA court opinion, 12/17/19 at 7.) We find that the record supports the PCRA court's factual findings, and we will not disturb them on appeal. The record also supports the PCRA court's legal conclusions, and they are free of legal error.

Having conducted an independent review of the record, this court is satisfied that the issues raised in appellant's petition are meritless and that there are no other issues that support a grant of relief. We, therefore, grant Attorney Kelly's petition to withdraw and affirm the PCRA court's order denying appellant's petition.

Petition to withdraw granted.  Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/15/2020